THOMAS MCLANE, APPELLEE, v. OLLIE M. MCLANE, APPELLANT.

FILED MARCH 24, 1911. No. 16,378.

1. **Pleading: SUFFICIENCY ON APPEAL.** If a petition is not attacked until after an appeal to this court, it should be liberally construed for the purpose of sustaining the judgment.

2. **Divorce: PETITION: SUFFICIENCY.** The petition in this case is sufficient to sustain a decree divorcing the plaintiff from the defendant.

APPEAL from the district court for Richardson county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*Edwin Falloon,* for appellant.

*Reavis & Reavis, contra.*

ROOT, J.

This is an appeal by the defendant from a decree of divorce. No bill of exceptions of the evidence is presented, but the defendant contends that the facts stated in

56

the petition are not sufficient to give the court jurisdiction or to justify a decree of divorce.

The plaintiff, in a petition filed March 15, 1909, alleges that "he has been a resident of Richardson county, Nebraska, for more than six months preceding the filing of the petition." The plaintiff also in effect further alleges that about September 1, 1907, and for two years prior thereto, the parties resided in Kansas City, Missouri, and about the last named date the defendant induced him to visit his sister in Richardson county, and subsequently, without just cause, refused to permit him to return home, but threatened him with arrest should he do so, and thereafter, solely because of his physical condition, abandoned and cruelly refused to care for or nurse him, although he was in failing health and unable to procure by his own efforts the necessities of life.

The petition was not assailed in the district court, but the defendant answered, admitting the marital relations, and denying all other allegations. Under the circumstances of this case the positive allegation of six months' residence in Nebraska should prevail over any inconsistent inference that may be drawn from other statements in the petition.

So, also, concerning the alleged acts of cruelty, the evidence may have disclosed that the plaintiff while sick and destitute was, without cause or excuse, wantonly and cruelly abandoned by the defendant, excluded from his home and thrown upon the charity of his relatives or of the public, and thereby his morbid physical condition aggravated. The evidence may have exhibited such a condition brought about by the deliberate wrongful conduct of the defendant as to bring the case clearly within the rule announced in *Ellison v. Ellison*, 65 Neb. 412, and reaffirmed in *Preuit v. Preuit, ante,* p. 124, and in *Myers v. Myers, ante,* p. 656.

The petition should be liberally construed for the purpose of sustaining the judgment. *Latenser v. Misner,* 56 Neb. 340; *Sorensen v. Sorensen,* 68 Neb. 483; *Western*

*Travelers Accident Ass'n v. Tomson,* 72 Neb. 674. In our opinion in the condition of the record the petition sustains the decree.

The judgment of the district court, therefore, is

AFFIRMED.