WILLIAM DIEDRICHS, APPELLANT, v. LAURA STEPHENSON,
APPELLANT; WALTER V. HOAGLAND ET AL.,
APPELLEES.

FILED MAY 19, 1917. No. 19226.

1. **Attorney and Client: GOOD FAITH.** It is a familiar rule of law that
an attorney is required to exercise the utmost good faith in all
of his relations and dealings with his client.

2. ———: ———. The evidence examined, and *held* that defendants,
who are attorneys, did not violate the forgoing rule in their re-
lations with their client, and that their conduct in the premises
was without fraud.

APPEAL from the district court for Lincoln county:
BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Burkett, Wilson & Brown* and *R. H. Beatty*, for appel-
lant.

*Hoagland & Hoagland* and *John J. Halligan*, contra.

DEAN, J.

The defendants Hoagland are members of the bar of this
state. They reside and maintain a law office at North
Platte. Plaintiff's wife employed defendants as counsel in
a divorce action, and they rendered to her valuable legal
services in that case, in which she prevailed in both district
and supreme courts, and as well in subsequent litigation
that grew out of the divorce case. In payment therefor

Diedrichs v. Stephenson.

'she conveyed to defendants a tract of land; defendants paying to her a sum of money that represented the difference in value between the land and the reasonable value of the services. Plaintiff now seeks to recover from defendants the tract of land conveyed to them by Mrs. Diedrichs on the ground of fraud, alleging ownership in the husband at the time of conveyance, a contention that is not sustained by the record. Plaintiff also demands a large sum of money claimed as damages. Mrs. Diedrichs appears in this action as Laura Stephenson.

In the divorce proceeding the plaintiff in this case was defendant. He has since remarried the wife who divorced him, and is now aided and abetted by her in his efforts to maintain this action. As soon as plaintiff and his wife were reconciled, their joint belligerence was directed against the wife's rescuer, a situation not altogether novel in human affairs. If plaintiff, who is appellant here, were to prevail, defendants would be deprived of any remuneration for services rendered, and besides would lose the sum of money paid to plaintiff's wife in part payment for the land when it was conveyed to them. In the trial court defendants prevailed, and in view of the record before us they must prevail here.

A lengthy statement of the facts is not deemed necessary, nor is it incumbent on us to write an opinion long drawn out. We believe it sufficient to say that we have carefully examined the record, and we are unable to find the defendants guilty of practicing any deceit or fraud or bad faith toward their client. We are not unmindful of the familiar rule that requires an attorney to exercise the utmost good faith in all his relations and dealings with his client. In this respect, as in all else, the record amply supports the judgment that was rendered in favor of defendants. The learned trial judge who heard the case was abundantly justified in finding on all points in favor of defendants.

The judgment is right, and is in all things

AFFIRMED.

SEDGWICK, J., concurring.

It appears to be conceded by all parties that the defendants Hoagland, as attorneys for Laura Diedrichs, acted in entirely good faith. Notwithstanding that fact, the law is so careful of the confidential relation between attorney and client that, if a client conveys property to her attorney while that relation exists, and is without information as to the value of the property at the time, the court in an action of this nature would be very careful to ascertain whether the value actually paid was the full value of the property. In this case, however, the attorneys were not attorneys for the plaintiff William Diedrichs. No relations of confidence existed between them, and Laura Diedrichs does not appear to have made any complaint in regard to the transactions with her attorneys for more than ten years after the transactions took place. It is desirable that questioned relations between attorneys and their clients should be adjusted at as early a date as is practicable, but the statute of limitations had run against all claims of Laura Diedrichs before the filing of her cross-petition in this case. The plaintiff, William Diedrichs, appears to have transferred this property to avoid the payment of his creditors. His original grantee did, at his request, convey the property to Laura Diedrichs, who was then Mr. Diedrich's wife. This does not seem to be equivalent to a reconveyance to Mr. Diedrichs himself in this case, because the motive which the law considers fraudulent that inspired Mr. Diedrichs to transfer this property still existed, and taking the title in the name of his wife might still defeat his creditors. Mr. Diedrichs, therefore, is not in a position to maintain such an action as this.

For these reasons, I consider that the judgment of the district court is correct.