DWIGHT F. FELTON, APPELLEE, V. ANNA FELTON, APPELLANT.

FILED JULY 14, 1936. No. 29612.

*H. N. Mattley,* for appellant.

*Halligan, Beatty, Halligan & Maupin, Hall, Cline & Williams, Lowell C. Davis* and *L. A. De Voe, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and CARTER, JJ.

PAINE, J.

The defendant has appealed to this court from a decree of divorce granted to plaintiff. No supersedeas bond was fixed or given, hence the decree as entered by the trial court has been in effect, except for the purpose of appeal.

The plaintiff and appellee, Dwight F. Felton, on April 12, 1934, brought this action against Anna Felton in the district court for Keith county, Nebraska, for an absolute divorce. From a decree of said court, duly entered on April 23, 1935, granting to the plaintiff an absolute divorce, quieting title in the plaintiff to specific real estate then standing in the name of the defendant, awarding to the defendant $3,100 permanent alimony, $400 attorney fees, and the costs of the action, together with one piece of real estate, notes, securities, all household furniture, and other personal property, the defendant, Anna Felton, appeals.

The plaintiff alleges in his petition that the parties were married at Kearney, Nebraska, September 22, 1914, and that he had conducted himself as a proper husband, but that his wife had been guilty of extreme cruelty by threatening him with physical injury, and had destroyed his peace of mind to such an extent as to impair his physical health, and caused him to suffer a nervous breakdown; that by constant nagging and displaying an ungovernable

temper, it became impossible for them to live together as husband and wife. To this petition defendant filed a demurrer, which was overruled, and later her default was entered, and Judge Tewell granted plaintiff a decree of divorce on September 18, 1934, without alimony except to note that the parties had made a disposition of their property interests between themselves.

Defendant thereupon secured new attorneys and filed a motion to vacate this decree, supported by the affidavits of the defendant and her former attorney, Mr. Ledwith, with which affidavits she tendered an answer and cross-petition for a divorce. On October 23, 1934, the first decree was set aside. A month later the plaintiff filed his answer to her cross-petition, and the case was tried the same as if a general denial reply had been filed.

The answer and cross-petition alleged, in brief, that the plaintiff, Dwight F. Felton, temporarily resided in Lancaster county, Nebraska, where he was employed by the state of Nebraska under an appointment from the governor; that ever since her marriage to the plaintiff she has conducted herself as a faithful and obedient wife, but that the plaintiff, in total disregard of his marriage vows and of the marriage relations, had been guilty of extreme cruelty; that shortly after the plaintiff obtained his appointment to the state office in January, 1931, he moved to Lincoln, Nebraska, where the defendant joined him, and where they lived together for a time, but that the plaintiff, pretending an interest in the health of the defendant, requested the defendant to go to California, where she remained until September of the same year, and on her return to Lincoln the plaintiff failed and refused to make a home for her, or to live with her as her husband, and ever since has refused to live with the defendant.

The defendant further alleged that plaintiff was guilty of serious indiscretions with another woman, which he had repeatedly promised to discontinue, but had failed to keep his promises; that such conduct on his part continued for years, destroyed her peace of mind, and amounts to

extreme cruelty, and defendant prays for a divorce, and that her maiden name of Anna Kelley be restored to her.

She further alleged that plaintiff was the owner of a large amount of property and in receipt of a large salary, and that defendant was without means of support. The plaintiff, in his answer to her cross-petition, denied he was a man of means, and alleged that all his real estate was encumbered for its entire value; admitted he drew a good salary, but by reason of his sickness, medical and hospital bills, he was unable to save any part thereof; charged that defendant owned property, and that when the parties separated in 1931 there had been a full, complete, and final property settlement between them.

A spirited trial took place, with many reputable witnesses testifying for each party, all as shown in a bill of exceptions of over 400 pages. The decree of the trial court granted plaintiff an absolute divorce. The court further found that during the month of October, 1931, after the plaintiff and defendant had separated and ceased to live together, an attempt was made between the parties to settle their property rights outside of court, and that the plaintiff at said time conveyed to the defendant certain real estate; assigned and delivered to the defendant certain notes and securities, conveyed to the defendant an automobile, gave her all the household furniture, and the court ordered, in addition, paid to the defendant in cash $2,700 in payments, all of which has been accepted, used, and retained by the defendant.

The court further found that the real estate standing in the names of the parties was mortgaged at the time of the decree for approximately $52,000, with delinquent taxes and defaulted interest unpaid; that the best interests of the parties required that the title to all the real estate be placed in the name of the plaintiff, with the exception of an interest in real estate in Ogallala, which was in part inherited by the defendant and purchased by her from her mother and her brothers or sisters, which real estate is given to the defendant, and it is decreed that she shall re-

tain all notes and securities turned over to her by the plaintiff.

The defendant sets out, as errors relied upon for reversal, that the court erred under the evidence in granting a divorce to the plaintiff instead of to the defendant on her cross-petition, and in granting her alimony only in the sum of $3,100; further, the court erred in giving all the real estate to the plaintiff, including that which was standing in the defendant's name at the time of the decree.

The brief of the defendant is replete with charges of misconduct on the part of the plaintiff, and the evidence supports some of them. At the time of their marriage she was 21 years of age and he was 38, and there is no doubt that she did not find out until after the marriage that he had a divorced wife and three children to support. There is a great deal of evidence of an affair with a woman at Omaha, which had developed some time before their marriage, and after the marriage he received many letters from her, and the evidence shows that she used the name "Mrs. Dwight Felton" at times. She finally (probably some time in 1915) brought an action against plaintiff for a divorce, alleging a common-law marriage, which at that time would have been legal in Nebraska, if proved. In this connection, the plaintiff testified on cross-examination that he employed Omaha attorneys, who employed a detective, and that he paid the attorneys $150, and that the case never came to trial. However, this affair did not stop there, for the defendant produced a large amount of evidence of telephone calls and letters between the plaintiff and this Omaha woman, but further details of this matter will be omitted from this opinion.

The plaintiff charges in his petition that his wife continually made false accusations against him because of jealousy, which wounded his mental feelings and destroyed his peace of mind until he finally suffered a physical and nervous breakdown; further, that she nagged him, and had an ungovernable temper.

While it is absolutely impossible to reconcile all of the

evidence, yet, as this court is required to try the case *de novo,* we have reached the conclusion that the defendant is clearly entitled to a divorce on her cross-petition, the weight of the evidence preponderating greatly in her favor, and that the plaintiff is not entitled to a divorce under the evidence in this case.

All facts tending to show the treatment and conduct of the parties toward each other are properly considered by the trial court which must determine which party is entitled to the divorce. It is impossible to lay down any general rule as to the degree of corroboration required in a divorce action, as each case must be decided on its own facts and circumstances.

We now come to the question of the amount of alimony to be allowed to the defendant. It has been said that, in fixing the amount of permanent alimony, all evidence must be considered relating to the respective ages of the parties, duration of and conduct during marriage, the station in life, circumstances and necessities of each, as well as their health and physical condition. The first question is, to arrive at the value of the real and personal property possessed by the parties, and we doubt if the testimony on that point has been more conflicting in any case that has reached this court. When they were married they were very poor, but as years went on the plaintiff finally became a very extensive real estate speculator in western Nebraska land, and for many years made money fast, and during those years he was very generous with the defendant, at one time buying her a $1,300 fur coat as a surprise present, and at another time he gave her a $1,500 ring, and they also took trips to California and to Florida, and enjoyed other luxuries. Then the depression hit, and instead of quick land sales and large profits, there came a time of no sales, and the only possible method by which interest and taxes could be paid was by gradually increasing the real estate mortgages until finally it was all encumbered.

The rule has been stated that a patient, detailed study of every item of property and its value should be made in each

case, but again we are faced with the wide discrepancy in the evidence of the witnesses. We will consider the evidence relating to just seven pieces of this real estate, located in Perkins and Keith counties, amounting to 1,286 acres, which were at the time of the trial encumbered with real estate mortgages to the amount of $35,100. The plaintiff's witnesses place an estimate of the actual value of these seven tracts of land, as set out in a summary form in his brief, as $6,000, while the estimate of the defendant's witnesses makes the seven tracts of land of a value of $38,000 at present land prices, but even at these prices there would only be an equity of $2,900 in these particular pieces of land.

The plaintiff is a man of executive ability, and has been able to hold fine positions with the state and federal governments,. and draws a very good salary, as shown by the evidence. It is absolutely impossible to look into the future and tell whether this western Nebraska real estate will come back in value. If it does, the plaintiff, by selling a few of these tracts, would be able to pay off these mortgages, but it is our opinion that the trial judge arrived at the very best solution in giving the real estate to the plaintiff and in providing additional alimony in monthly payments for the defendant. The decree of divorce awarded her permanent alimony of $3,100, payable at the rate of $100 a month, including attorney fees of $400. Under date of September 18, 1935, the motion docket of this court shows that Mrs. Felton's attorney was allowed $200 suit money, and she was allowed temporary alimony of $200, to be paid forthwith to the clerk of the district court for Keith county, and, in addition, was allowed $100 to be paid October 1, 1935, and the sum of $100 a month to be paid each month during the pendency of the appeal in this court, the right being reserved to take such allowances into consideration, and reducing permanent alimony accordingly when cause is determined.

We have reached the conclusion that the permanent alimony awarded by the trial court is not sufficient, and in

addition to the $3,100 awarded by the trial court we add to that amount $1,900 additional, making a total of $5,000, and all of the payments heretofore made by the plaintiff upon the $3,100 in the decree of divorce, or paid to the clerk of the district court on the temporary order made in this court for her benefit, shall be credited upon the $5,000 herein awarded, and additional payments shall continue of $100 a month until the entire $5,000 permanent alimony is paid, and $200 additional attorney fees is hereby allowed to defendant's attorney, and the costs of the case are taxed to the plaintiff.

The decree of the trial court is reversed to this extent, that a divorce is hereby granted the defendant wife, and the alimony increased by further monthly payments as above set out, but the findings and decree of the trial court relating to all of the extensive real estate holdings, as well as to the personal property, are in all things approved.
REVERSED IN PART, MODIFIED IN PART, AND APPROVED IN PART.

DAY and CARTER, JJ., dissent.