GRANVILLE K. TWAY, APPELLANT, V. LILLIAN A. TWAY, APPELLEE.

280 N. W. 910

FILED JULY 8, 1938. No. 30347.

*Frank C. Heinisch,* for appellant.

*Grenville P. North, contra.*

Heard before ROSE, EBERLY, DAY, PAINE and MESSMORE, JJ., and KROGER, District Judge.

MESSMORE, J.

This is an appeal from the district court for Douglas county, the court having granted a decree of divorce to the defendant, cross-petitioner, appellee in this court, and having made a distribution of the property as between the parties, from which decree and judgment, the plaintiff appeals.

The petition of the plaintiff and the cross-petition of the defendant are sufficient in substance and form to state a cause of action in behalf of each party for a decree of divorce.

Plaintiff and defendant were married August 2, 1921. The record details the history of their married life. Only the part necessary for a determination of this case will be stated: The parties reside in Omaha, Nebraska, and have been engaged in the tire business for the past five years. The tire shop was purchased in 1932; defendant, having received the sum of $100 from her mother's estate, placed this amount in the business. Plaintiff claimed to have $150 therein; the weight of the evidence is that he had no money with which to start the business. The total amount necessary to put the shop in condition to start and transact business was $290. It was successful, and property was accumulated by the joint efforts of plaintiff and defendant. The difficulty between plaintiff and defendant started, as stated by the plaintiff, when the defendant's daughter sought to establish her home with plaintiff and defendant, and to bring her child there and live with another man. The plaintiff objected to this conduct on the part of the daughter, and he testified, in substance, that he and his

wife had much trouble over the daughter and her relations with other men. The record contains several statements as to the alleged conduct of the plaintiff with other women, which is, apparently, substantiated by competent proof, as evidenced by letters and other exhibits appearing in the record. It is unnecessary to relate the details. There is evidence of each party striking the other on occasions.

At the conclusion of this testimony, the trial court awarded defendant a decree of divorce on her cross-petition, which is amply supported by the evidence. In fact, the record discloses that it was conceded by plaintiff's counsel that sufficient facts had been adduced at the trial to warrant granting a divorce in favor of the cross-petitioner, and the case then proceeded to a determination of the value of the property.

The evidence as to the value of the property is in conflict, the plaintiff claiming that the award made defendant by the trial court represented 75 per cent. of his property. This contention is not sustained by the evidence.

The trial judge awarded the wife real estate, located at 2614 Bristol street, Omaha, a five-room modern house which rented for $18 a month, with payments of $15 a month. There was a balance of $700 due on this property, it being valued at $1,400, which would leave defendant an equity therein of $700. The property was purchased on contract for $1,000; neither party had title thereto, but the contract was in the name of the defendant. The sum of $100 had been paid on the contract and $200 upon interest. The defendant claims she received a 300-dollar, instead of a 700-dollar, equity in the property. The defendant was awarded property located at 1832 North Eighteenth street, Omaha, free from encumbrance, which rented for $20 a month and was let in apartments. This property was in defendant's name, and its value, as shown by the record, was from $1,600 to $1,800. Defendant was awarded the tire shop, the court finding plaintiff and defendant were partners in the business, and she was also awarded the equipment therein, which is shown by the record to have

been worth from $200 to $500, but, owing to the condition of the business and the equipment, it would seem that the value would not exceed $300. The defendant was awarded a 1934 Lafayette automobile, value fixed at $350, and one 1935 Dodge sedan, valued at $150. The plaintiff was awarded the property at 3806 North Seventeenth street, free from encumbrance and reasonably valued at $750. There is evidence that the plaintiff had taken from the deposit box of the parties, prior to the time of the trial, the sum of $1,600. This amount is in dispute, and there is evidence that the amount was $1,000. The value of the automobiles is doubtful; the Dodge sedan was subject to a mortgage; the value of the business in its present condition is also doubtful. The defendant made an effort to, and did, working with the plaintiff, especially for the first two years of their business career in the tire shop, make a success, and the profits of their labor is by their joint accumulation.

When analyzed as to value, the division is equitable, considering the drain made upon the business by the plaintiff, and especially under the testimony showing that plaintiff and his brother divided the profits of the business, the brother receiving one-fourth and he accepting three-fourths thereof, and where the facts were such that the court did not have a fair basis for the returns of the business. The plaintiff neglected his business, apparently for the society of different women. He is a sick man; he contracted a venereal disease which he gave to his wife. The parties had been married for 17 years. The court fixed the amount of the property in accordance with the decisions in this state.

In *Felton v. Felton,* 131 Neb. 488, 268 N. W. 341, this court held:

"In divorce action where defendant files a cross-petition and prays for a divorce, the court will consider all the evidence and determine therefrom which, if either, of the parties is entitled to a divorce.

"It is impossible to lay down any general rule as to the degree of corroboration required in a divorce action, as

each case must be decided on its own facts and circumstances.

"In fixing the amount of alimony, the court should carefully make a detailed study of every item of property belonging to each, and find its fair value; then consider the ages of the parties, the duration of and their conduct during marriage, station in life, necessities of each, as well as their health and physical condition, and then award such alimony as the evidence warrants." See, also, *Metcalf v. Metcalf*, 73 Neb. 79, 102 N. W. 79; *Miller v. Miller*, 91 Neb. 500, 136 N. W. 729.

Exception is taken to the amount of attorney's fees awarded to the attorney for plaintiff, and the amount of temporary alimony in the sum of $195, court costs and other items. With reference to an attorney's fee for the plaintiff, the evidence developed that he had been cited on two occasions for failure to obey the order of the district court. The exception taken to the attorney who represented plaintiff in the actual trial of this lawsuit is not here, on proper objections, to determine what the amount of such attorney's fee should be. The record discloses that the plaintiff went to many attorneys and presumably employed them to look after his interests.

Under the record, we believe that the trial court properly granted a decree of divorce to the defendant; that the division of property was proper under the evidence and the circumstances, and that the values thereof were correctly decided by the trial judge.

The judgment of the district court is

AFFIRMED.