NATHAN RESNICK, APPELLEE, v. SARAH RESNICK, APPELLANT.

288 N. W. 816

FILED DECEMBER 8, 1939. No. 30618.

*Webb, Beber, Klutznick & Kelley, Ginsburg & Ginsburg, Loyal G. Kaplan* and *Harold R. Lebens,* for appellant.

*Wayne E. Sawtell, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and JOHNSEN, JJ., and CHAPPELL and KROGER, District Judges.

CHAPPELL, District Judge.

This is a divorce case. Appellee, hereinafter called plaintiff, was granted a decree of divorce from appellant, hereinafter called defendant, on the ground of extreme cruelty. Defendant's cross-petition was dismissed. She was awarded the custody of Helen Resnick, their 11-year old daughter, together with child support and a money judgment in lieu of permanent alimony.

Defendant contends that the trial court erred in refusing to permit their 11-year old daughter to testify in her behalf, and made an unjust and unlawful division of the property.

At the conclusion of plaintiff's case, defendant asked the court for permission to call the daughter, who had been previously excluded from the courtroom during the trial, as a witness. Whereupon, the trial court said, in substance, that she did not need to be out of school; that it had been his rule for about 12 years to never permit a child to go on the stand in such cases; that children of that age ought not to be put on the stand as they did not play much of a part in a divorce case. Counsel for plaintiff and defendant then suggested that the court talk to her alone, to which the court replied: "Not right now. We will take care of the little girl. I would suggest that you do this; I am refusing to let Helen, 11 years of age, be placed on the stand and if I were you I would take exception to it." Defendant's counsel then excepted to the ruling of the court and made an offer of proof, which was refused, the court saying: "If any occasion should arise that I would want to talk to the little girl, I will have somebody from this department go out and then I will talk to her. That is, if I am not satisfied with the evidence when we get through."

The record shows that the little girl had just spent several

months, from February 1, 1938, until August 12, 1938, in the Hattie B. Monroe home for children in Omaha because of a nervous condition which had been brought about by the unhappy conditions in her own home. The court knew about this at the time, and its refusal to permit her to testify was undoubtedly prompted by a desire of the court to further shield and protect her. The trial court had known about the serious marital difficulties of the parties extending over a period of years. Twice previously, in 1931 and 1935, the defendant had filed suit for divorce from plaintiff in the same court. In each instance a reconciliation had been effected; the last, after a hearing and with the aid and assistance of the trial court, believing it to be for the best interests of this child and a minor son who is now 20 years of age. An examination of the offer of testimony shows that her evidence could only be cumulative in any event, and, if admitted, we fail to see how it could have changed the result upon any issue of the case.

The legislature and the courts of this state have established uniform juvenile procedure in divorce cases and recognized the inherent power of the court to shield and protect innocent children. Section 43-203, Comp. St. 1929, provides: "The juvenile court shall have jurisdiction to hear and determine all cases for divorce or alimony or involving the custody of children, and the court, or in vacation any judge thereof, may, through any probation officers of the county or otherwise inquire into the same." Section 42-307, Comp. St. 1929, referring to divorce cases, says in part: "Provided, that it shall be the duty of the court to make independent investigations of the merits of all * * * cases where minor children are involved through a probation officer or county superintendent of child welfare or other agency." Defendant was not prejudiced by the refusal, and, under the circumstances, the trial court had a right to exercise its discretion and refuse the offer.

The important question is whether there was a just and lawful division of their property. Defendant was awarded the custody of Helen Resnick, the minor daughter, and $30

a month for such child's support until further order of the court. In addition, she was awarded absolutely all the household goods and furnishings in their home in Omaha; was freed from all debts and obligations of every kind and nature, and they were all imposed upon the plaintiff. The court found that plaintiff and defendant were the owners of certain real and personal property, all of which was accumulated by the joint efforts of both the plaintiff and the defendant since their marriage, and that their joint estate had a net worth of approximately $8,500 which should be divided equally between them after deducting certain sums already received by defendant. After assigning the business and the real estate to plaintiff, the court awarded defendant, in lieu of permanent alimony, the sum of $4,065, payable $45 a month until fully paid, or, in the alternative, $30 a month if defendant lives in plaintiff's property, in which event credit is to be given the plaintiff of an additional $15 a month as rental therefor. The costs were all taxed to plaintiff and he was required to pay his own attorney fees and $50 to defendant's attorneys. *In toto,* defendant was awarded $75 a month from plaintiff.

While some of the real estate stood in defendant's name, it is undisputed that plaintiff and defendant accumulated all of their property and money during their marriage by the joint efforts of both of them in the same business venture. The court, therefore, had the equitable power to divide it between them in such manner as it deemed just and equitable. In *Bigelow v. Bigelow,* 131 Neb. 201, 267 N. W. 409, this court said: "Upon the granting of an absolute divorce, the trial court may assign the property, both real and personal, acquired during the marriage by the joint efforts of the parties, between them as the demands of equity may require." Other authoritative Nebraska cases are cited therein.

The contention that defendant is put to hazard of loss by an alimony judgment for money payable by the month is answered by reference to section 42-319, Comp. St. 1929:

"All judgments and orders for payment of alimony * * * in actions of divorce * * * shall be liens upon property in like manner as in other actions, and may in the same manner be enforced and collected by executions and proceedings in aid thereof, or other action or process as other judgments." In addition, section 42-320, Comp. St. 1929, "The remedy given by the next preceding section shall be held to be cumulative and in no respect to take away or abridge any subsisting remedy or power of the court for the enforcement of such judgments and orders," preserves to defendant the remedy of civil contempt. See *Cain v. Miller*, 109 Neb. 441, 191 N. W. 704; *Maryott v. State*, 124 Neb. 274, 246 N. W. 343; *Thomas v. Thomas*, 132 Neb. 827, 273 N. W. 483.

A careful examination of the record discloses that the trial court correctly decided the issues herein and made a lawful, just, and equitable division of the property, and the judgment is

AFFIRMED.