CARRIE JOHNSEN, APPELLEE, V. JOHN HENRICK JOHNSEN, ALSO KNOWN AS JOHAN HENRICK JOHANSEN, APPELLANT.

12 N. W. 2d 837

FILED FEBRUARY 4, 1944. No. 31642.

O. M. Olsen and John M. Berger, for appellant.

Monsky, Grodinsky, Marer & Cohen, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

The trial court granted plaintiff a decree of divorce and as alimony, or in lieu thereof, awarded her the home, subject to encumbrance, together with all the household goods, furniture and fixtures located therein; an undivided one-half interest in certain apartmental property; the custody of a son, 18 years of age, and $15 a month for his support until self-supporting or until further order of the court; $6,000 alimony payable $40 a month, and $150 attorney's

fees, and costs. Defendant was awarded the fee simple title to his bakery business and property, together with its furniture, fixtures, machinery, and equipment, but was ordered to assume and pay all outstanding current obligations of the parties, which total $1,142.68.

Defendant appeals, contending that plaintiff's petition does not state a cause of action; that the evidence is insufficient to support a decree of divorce; that the decree makes an unjust and inequitable division of the property and awards plaintiff excessive alimony.

While plaintiff's petition is not a model pleading, its allegations are sufficient to state a cause of action for divorce on the grounds of extreme cruelty. Under the circumstances, *Dakin v. Dakin*, 1 Neb. (Unof.) 457, 95 N. W. 781, *Fagan v. Fagan*, 82 Neb. 388, 117 N. W. 992, and *McLane v. McLane*, 88 Neb. 833, 130 N. W. 745, are controlling.

With reference to the sufficiency of the evidence, this court has held: "It is impossible to lay down any general rule as to the degree of corroboration required in a divorce action, as each case must be decided on its own facts and circumstances." *Felton v. Felton*, 131 Neb. 488, 268 N. W. 341. An examination of the record discloses that there is sufficient evidence to support the decree of divorce. True, there have been aggravating property conflicts, and mental and physical incompatibility, for which both parties are in part at fault. However, we must find that defendant has, upon occasions, been guilty of extreme cruelty by words and acts, for which there is no justification in the law.

The important question involved relates to the division of the property and the awarding of alimony by the trial court, which we decide is inequitable, unjust, and excessive. The parties have lived together as husband and wife for approximately 30 years. This is the second divorce action filed by plaintiff in the latter years. She is approximately 57 years of age and in good health except for some disability to her left side resulting from infantile paralysis suffered when a child. The parties have a grown daughter, unmarried, and well employed, who lives with the plaintiff. The son, 18

years old, also lives with the plaintiff. He is still in high school and not in vigorous health. The defendant, approximately 60 years of age, is admittedly ill and seriously disabled with arthritis, but still able with difficulty to conduct his bakery business, the income from which is not impressive. The income from the apartmental property, under the supervision of a rental agent, is more substantial. Both produce a net income of approximately $1,600 a year.

During the marriage the parties acquired by their joint efforts a home, household goods, furniture and fixtures, at 949 North 26th street, Omaha, Nebraska, described as lot 54, Nelson's addition; apartmental properties at 6051-53-55 Military avenue, Omaha, Nebraska, described as lot 1, block 2, Halcyon Heights addition; and a place of business for a bakery, equipped with office furniture, fixtures, machinery, and equipment, at 2309 Cuming street, Omaha, Nebraska, described as the middle one-fifth of lots 1 and 2, block 208½, Original City Lots. The real estate is all encumbered by mortgages, but the present equity will approximate $8,000.

In this situation, the rule established in *Bigelow v. Bigelow*, 131 Neb. 201, 267 N. W. 409, and followed in *Resnick v. Resnick*, 137 Neb. 256, 288 N. W. 816, is applicable. In these cases, the court held: "Upon the granting of an absolute divorce, the trial court may assign the property, both real and personal, acquired during the marriage by the joint efforts of the parties, between them as the demands of equity may require." Rules of guidance for justly and equitably fixing the amount of alimony to be awarded have been established in *Felton v. Felton, supra; Phillips v. Phillips*, 135 Neb. 313, 281 N. W. 22; and *Hild v. Hild,* 135 Neb. 896, 284 N. W. 730.

Bearing these rules in mind, we decide that justice and equity will prevail if plaintiff is awarded the home, subject to the encumbrance thereon, to be paid by her, together with all the household goods, furniture and fixtures therein; the custody of the son, with right of visitation by defendant at reasonable times and places, together with $15 per month for his support, payable one-half on the 1st and

one-half on the 15th of each month, so long as he is attending school regularly until he is of age or unless self-supporting, or until further order of the court; and $4,000 permanent alimony, payable $30 a month, one-half thereof on the 1st and one-half on the 15th of each month until fully paid; however, any payments of permanent alimony heretofore paid shall apply thereon. Further, fee simple title to the other two real estate properties, together with all the furniture, fixtures, machinery, and equipment therein shall be vested and quieted in defendant absolutely by quitclaim deed and bill of sale from plaintiff, or otherwise in the alternative by decree of the trial court. Outstanding debts of the parties, amounting to $1,142.68 at the time of the trial, shall be assumed and paid by defendant, and plaintiff is allowed $100 as attorney's fees for services rendered in this court, together with costs.

The judgment is, therefore, affirmed in part and in part reversed, and the cause is remanded with directions to the trial court to enter decree in compliance herewith.

AFFIRMED IN PART AND REVERSED IN PART, WITH DIRECTIONS.