HARRIET I. COLICK, APPELLANT, v. HARRY COLICK, APPELLEE.
26 N. W. 2d 820

Filed April 4, 1947. No. 32203.

*Winters & Winters,* for appellant.

*Leon, White & Lipp* and *B. J. Boyle,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

On January 11, 1946, the trial court found against defendant on his cross-petition and awarded plaintiff an absolute divorce with custody of their five-year-old daughter, and $50 a month for her support. The decree also approved a property settlement theretofore voluntarily signed, acknowledged, and executed by the parties. By virtue thereof, plaintiff received $5,000 cash, $2,500 cash in escrow payable to her upon condition at finality of the decree, war bonds aggregating from $1,600 to $2,100, a 1941 Chrysler coupe worth from $750 to $1,350, certain diamonds, jewelry, and furs worth $3,490, and all movable furniture and furnishings worth from $2,000 to $4,000 then in their home, the use and occupancy of which plaintiff was given until June 5, 1946. She also received all of her personal belongings and effects, and defendant was ordered to pay a subsequently incurred medical bill of $18 and plaintiff's attorneys' fees of $2,000 for services rendered. She also received $115 cash not accounted for in the settlement.

Defendant was awarded the home with certain fixtures therein. It was worth from $16,500 to $22,500 on the present market. He assumed payment of all taxes and insurance thereon together with all other obligations to date of filing the divorce action. He also received his personal belongings and effects, together with his bank account of $400 and certain other described personal property. In any event, howsoever it may be computed, exclusive of attorneys' fees and costs, plaintiff received approximately one-half to three-fourths of their property, a ratio apparently equal to or transcending any heretofore approved by this court.

Nevertheless, on April 1, 1946, having subsequently

employed another attorney and paid him a $500 retainer fee upon a one-third contingent additional recovery contract, plaintiff filed a petition to set aside the divorce decree substantially on the grounds that it was obtained by fraud, deceit, and unlawful concealment by defendant, acting by and through his attorneys, while in collusion and conspiracy with plaintiff's attorneys. On May 9, 1946, she filed an amended and supplemental petition, which was again amended on June 15, 1946 in elaboration of the original petition, but praying for the same relief.

On June 19, 1946, defendant answered, denying generally, and alleging substantially that the property settlement was not only adequate and generous, but was entered into by plaintiff voluntarily, with full knowledge of its provisions, defendant's property, and her lawful rights therein, after consultation not only with her own attorneys but with numerous other named reputable attorneys. Plaintiff filed reply, and after hearing on the merits, the trial court entered its decree finding and adjudging generally in favor of defendant and against plaintiff at her costs. Her motion for new trial was overruled and she appealed. In her brief she sets forth some nine assignments of error, which may be summarized as contending that the decree was not sustained by the evidence and was contrary to law. We find that her assignments of error are without merit.

At the outset it should be observed and understood that concededly plaintiff's present action was never designed or intended in any manner or means to effect a reconciliation. She took the position that a reconciliation was not only undesirable but impossible. Therefore she desired in any event to retain her absolute divorce with custody of their daughter and $50 a month child support. Her present action was instituted primarily to set aside the decree for the avowed purpose of seeking money and property from defendant additional to

that already received and obtained by the original property settlement approved by the trial court.

In the light thereof, it will be well to briefly review the history of plaintiff's original action. On July 16, 1945, after having surreptitiously persuaded defendant to deed their home to her for a consideration of "One Dollar and love and affection," and reduced the war bonds involved and $5,000 of defendant's cash to her possession, plaintiff filed a positively verified petition seeking separate maintenance from defendant on the ground of extreme cruelty. She alleged, among other things, that the parties had as a result of their joint efforts accumulated a home and other assets, the exact nature and extent of which were unknown to her. Thereafter, defendant was promptly restrained from residing in their home or imposing any restraint upon plaintiff's personal liberty. On July 20, 1945, the trial court granted plaintiff temporary alimony and child support in the sum of $35 per week which she received until after January 11, 1946. In addition, plaintiff continued and still continues to live in and occupy the home in violation of the property settlement approved by the court in its decree, which required that she vacate the same on June 5, 1946. Admittedly, she has also been using the Chrysler coupe and has been spending the $5,000 cash for her own purposes since the settlement.

Between July 16, 1945 and September 24, 1945, plaintiff's original reputable attorneys, one of whom was her uncle, withdrew their appearance for her, she having without legitimate reason claimed and asserted that they had double-crossed and betrayed her. She then consulted with other reputable attorneys who refused her case, but on September 24, 1945, having obtained representation by reputable attorneys, plaintiff filed an amended petition setting forth particularly sensational allegations of extreme cruelty by defendant, and praying for an absolute divorce. Among other things, she also alleged that defendant was possessed of a large amount.

of property and money, the exact amount of which was unknown to her. She also prayed for custody and support of their child and for a reasonable and fair allowance for permanent alimony.

On October 25, 1945, defendant filed an answer and cross-petition, alleging extreme cruelty and praying for an absolute divorce from plaintiff. Defendant alleged that he was the actual owner of the home, although in the name of plaintiff, that plaintiff also had in her possession certain personal property of which he was the owner, and prayed that title thereto be quieted in him.

On December 15, 1945, plaintiff filed a reply and answer, and after denying generally, she alleged that defendant voluntarily transferred the home and personal property to her, and prayed for dismissal of defendant's cross-petition. It was in the light of the situation heretofore set forth, that plaintiff thereafter on January 10, 1946, entered into the property settlement involved, after having obtained the counsel and advice of no less than seven reputable attorneys, inclusive of the two who represented her therein.

Likewise, during the pendency of her action it appears without doubt that plaintiff attempted to injure and intimidate defendant. She personally lodged complaints against him with the United States District Attorney, the Department of Internal Revenue, the Nebraska Liquor Control Commission, the draft board, and certain newspapers, thereafter accusing all of fraud or bribery when no affirmative action resulted therefrom. It is interesting to note, also, that plaintiff has counseled with and employed no less than six attorneys since contemplating and instituting the present action, which was brought without prior consultation with or notice to any of the attorneys who were instrumental in perfecting the property settlement and obtaining her decree of divorce.

It is the rule that an attorney is required to exercise the utmost good faith in all his relations and dealings

with his client. Diedrichs v. Stephenson, 101 Neb. 366, 163 N. W. 153. It is also true that an attorney occupies a position of trust and confidence with his clients who have a right to believe and rely upon and be governed by his representations and conduct. Zimmer v. Gudmundsen, 142 Neb. 260, 5 N. W. 2d 707. Suffice it is to say, however, the record in this case fails to sustain plaintiff's contentions that her attorneys did not exercise the utmost good faith in their relations and dealings with her. Her own pleadings and evidence as well as the evidence of others demonstrate clearly that plaintiff at all times not only had knowledge of the provisions of the property settlement but knew about defendant's assets and was advised of and knew her rights pertaining thereto. As a matter of fact, she has had at all times and yet has practically all of defendant's assets in her possession and control. In that connection, there is no evidence that could sustain a finding that she ever was actually or constructively defrauded by anyone. Furthermore, the evidence conclusively establishes that in any event she received a most generous and adequate property settlement. No court would or could justly give her more.

Plaintiff's contentions that the home was hers by reason of a gift from her husband or that title thereto could not be lawfully awarded to defendant by the court, because its transfer to plaintiff was in fraud of creditors; that the $5,000 cash involved in the property settlement was her separate property as a gift from defendant; that the Chrysler coupe was a gift by defendant to plaintiff's mother, and that the war bonds involved were the property of plaintiff and their daughter, are untenable either in fact or in law. Her own evidence refutes those contentions. Other evidence and circumstances make the refutation conclusive. We will not otherwise discuss such contentions at length except to say that all of such property, except two $25 war bonds, was without doubt accumulated by the parties during the marriage relation, was all admittedly paid for by

defendant himself, and was in fact his property and not plaintiff's separate property or estate.

Under such circumstances the following cases are controlling precedent. In Bigelow v. Bigelow, 131 Neb. 201, 267 N. W. 409, this court held: "Upon the granting of an absolute divorce, the trial court may assign the property, both real and personal, acquired during the marriage by the joint efforts of the parties, between them as the demands of equity may require." See, also, Felton v. Felton, 131 Neb. 488, 268 N. W. 341; Resnick v. Resnick, 137 Neb. 256, 288 N. W. 816; Johnsen v. Johnsen, 144 Neb. 208, 12 N. W. 2d 837; Metschke v. Metschke, 146 Neb. 461, 20 N. W. 2d 238. In Lippincott v. Lippincott, 144 Neb. 486, 13 N. W. 2d 721, it was recently held: "In a divorce suit, where the court has jurisdiction of the parties, it has power to adjust all their respective property interests."

The last cited case also sets forth at length rules of guidance for justly and equitably fixing the amount of permanent alimony in such cases which, for the sake of brevity, we will not repeat, since the trial court evidently observed them not only in approving but thereafter in affirming the property settlement.

Under the provisions of section 42-340, R. S. 1943, it is the rule that the right of a prevailing spouse to have a divorce decree set aside during the six-months' period pending finality thereof, is not an absolute but a qualified right. The control of such a decree is within the sound judicial discretion of the trial court but good reason must be shown for setting it aside and such action must not be permitted to produce an unconscionable result thereby abusing or misusing the judicial process. What constitutes good reason for setting aside the decree or what constitutes an unconscionable result prohibiting it depends upon the facts and circumstances of each particular case. Carpenter v. Carpenter, 146 Neb. 140, 18 N. W. 2d 737.

We have examined the record, bearing in mind the

rules heretofore set forth, and conclude that plaintiff not only failed to show good reason for setting aside the decree but that to do so would also produce an unconscionable result. Other matters are presented in plaintiff's brief but we do not deem it necessary to discuss them.

For the reasons heretofore stated, the judgment of the trial court is affirmed.

AFFIRMED.