ANTON BARTUNEK, APPELLEE, V. IDA N. BARTUNEK, APPELLANT.

FILED DECEMBER 30, 1922.   No. 22200.

Divorce: ALIMONY. "Alimony, as that term is technically understood, may not be allowed to the husband out of the wife's separate property, in an action for dissolution of the marriage; but where it is shown that the accumulated property in the name of the wife is the result of the joint earnings of the parties, the court will inquire as to the source of the accumulated property, and, in the exercise of a reasonable discretion, will divide the property between the parties, awarding to the husband his equitable portion thereof, and may enter a judgment in favor of the husband for the equitable amount found to be due him." *Bristol v. Bristol,* 107 Neb. 321.

APPEAL from the district court for Valley county: BAYARD H. PAINE, JUDGE. *Affirmed as modified.*

*Doyle, Halligan & Doyle* and *Burkett, Wilson, Brown & Wilson,* for appellant.

*Davis & Davis* and *Prince & Prince, contra.*

Heard before Morrissey, C. J., Letton, Flansburg and Dean, JJ., Redick and Shepherd, District Judges.

Letton, J.

Plaintiff began an action for divorce on the ground of cruelty. Defendant denied such misconduct, and by a cross-petition sought to be divorced from plaintiff on ground of misconduct and cruelty on his part. The court denied the petition of plaintiff and granted a decree on the cross-petition of defendant. The court also made certain orders in settling the property rights of the parties. No question is made here as to the divorce, but from that portion of the decree relating to the property, the wife has appealed.

In the petition it is alleged that the plaintiff conveyed the homestead, consisting of 160 acres in Valley county, to the defendant without consideration except the affection then entertained for her by him, that the land is family property, and that defendant holds the title in trust for plaintiff.

The answer alleges that the land was conveyed to the wife with the express understanding that it was to be her separate property, and that she helped raise the money to pay for the farm.

The acquisition of the farm, as well as of the other property of the husband, was largely the result of the joint efforts of both husband and wife. There are two children; both became of full age a few months after the date of the decree.

It appears that in 1914 Mrs. Bartunek was concerned about the debts which her husband had become obligated to pay. She was afraid that the homestead might be lost, and, according to her own testimony, suggested to him that the title be placed in the name of the children so that she and they could always have a home. Plaintiff testified that he was reluctant to make this transfer, but, due to her insistence, he, finding that the children,

being minors, would make it inconvenient to renew loans, etc., finally made a deed to her without consideration. The consideration recited in the deed is $5 and love and affection. Defendant herself testified that the only purpose of the deed was to protect the children.

After the conveyance, the business of the farm was conducted as before up until August, 1919, when she, with the children, left the home and went to Lincoln in order to complete their education, where she has since resided. She took some of the furniture with her. Most of the remainder was sold and part of the proceeds used for the support of her and the children. At the time of the conveyance there was $7,500 incumbrance on the farm. This has been partially paid off. There is now a mortgage of $6,000 upon it, and a second mortgage of $4,000 to secure a debt of the husband to the First National Bank. The wife, however, would not sign the latter mortgage unless the husband would give her a mortgage of the same amount on the 80 acres of land which he owned in Hall county in order to indemnify her for any loss in signing the $4,000 mortgage.

The husband owns 760 acres of land in Garfield county, worth $10 an acre, incumbered for $3,500, and the 80 acres in Hall county, estimated to be worth from $60 to $75 an acre, which is incumbered for $4,200 and interest, under process of foreclosure. There has been purchased war saving stamps for $50, and $700 in liberty bonds, of which one bond for $400 is registered in Mrs. Bartunek's name. She paid $40 upon the bond, the remainder being paid by the husband.

The district court found that Mrs. Bartunek was the owner of the home farm in Valley county; that she should pay the incumbrances appearing of record upon the land, and also should pay to a number of the creditors of her husband, naming them, various sums amounting in all to about $2,916.50. The court quieted the title to the land in Hall county in the plaintiff and ordered the indemnity mortgage canceled; it also quieted the title to the 760

acres of land in Garfield county in him, subject to his paying certain indebtedness. Mrs. Bartunek was ordered to assign the registered $400 bond to plaintiff, and to deliver the $50 war saving stamps to him. The court also made a specific finding that the net value of the estate of both plaintiff and defendant was $10,433.40, and that this should be divided equally. This seems to be a fair estimate of the value of the property.

The main contentions of Mrs. Bartunek are that the court had no authority to charge specific debts of the husband upon her land nor to order the cancelation of the $400 indemnity mortgage, there being nothing in the pleadings to justify such action.

Under the authority of *Myers v. Myers,* 88 Neb. 656, and *Bristol v. Bristol,* 107 Neb. 321, the district court has power to consider all the property accumulated by the joint efforts of both husband and wife, and to adjust their respective property rights. By the voluntary conveyance of the home farm to the wife without consideration except love and affection, she has become vested with the legal title to the major portion of the joint accumulation; but the court will look behind this and decree according to the equities of the situation. The court had no power to require either the husband or wife to pay certain specific creditors, not parties to the suit, any sum of money, nor to make any of such debts specific charges upon any of the land. The decree is therefore modified to require her to pay to the plaintiff the sum of $2,916.50 required in the decree to be paid to the creditors of the plaintiff. This is not as alimony, but as the fair share of the husband in the property acquired during the marriage relation. *Bristol v. Bristol,* 107 Neb. 321. In all other respects the decree of the district court is affirmed; costs to be taxed to appellant.

AFFIRMED AS MODIFIED.