ELMA SIMS, APPELLEE AND CROSS-APPELLANT, v. ERNEST SIMS, APPELLANT AND CROSS-APPELLEE.

29 N. W. 2d 378

Filed October 24, 1947.    No. 32253.

*V. H. Halligan,* for appellant and cross-appellee.

*Carr & Hoagland,* for appellee and cross-appellant.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and KROGER, District Judge.

CHAPPELL, J.

After a hearing upon the merits, plaintiff was awarded an absolute divorce and related equitable relief. Motions for new trial and rehearing were respectively overruled, whereupon defendant appealed and plaintiff cross-appealed.

Concededly, plaintiff was entitled to an absolute divorce, and the sole question presented for decision is the legality and justice of the trial court's decree insofar as it relates to allowances for child support and disposition of the property admittedly acquired by the parties during the marriage. In that connection, defendant contends that plaintiff was awarded too much, while plaintiff contends the opposite. We conclude that the trial court's decree should be affirmed except as herein modified for purposes of clarity and efficient enforcement.

It is well established that: "In a divorce suit, where the court has jurisdiction of the parties, it has power to adjust all their respective property interests." Colick v. Colick, *ante* p. 201, 26 N. W. 2d 820.

This court recently reaffirmed the rule that: "Upon the granting of an absolute divorce the trial court has the legal right to assign the property, both real and personal, acquired during the marriage, by the joint efforts of the parties, between the parties as the equities

require." Schrader v. Schrader, *ante* p. 162, 26 N. W. 2d 617.

The fixing of alimony in a divorce case is always determined by the facts and circumstances of each case, and in doing so: "* * * the court will take into consideration the estate of each party at the time of the marriage, the respective contributions thereafter, the duration of the marriage, the wife's loss of her interest in the husband's property by virtue of the divorce, the social standing, comforts, and luxuries of life which the wife would probably have enjoyed except for the enforced separation, the conduct of the parties leading to the divorce, the party to whom the divorce is granted, the age and condition of health of the parties, and all other facts and circumstances, and make an award which appears to be fair and equitable." Specht v. Specht, *ante* p. 325, 27 N. W. 2d 390.

Child support is in a somewhat different category of the law. A father usually continues to be liable for the support of his minor children to the same extent after the divorce as before, and provisions in a divorce decree for their suitable maintenance and support are entirely distinct from the allowances of specific alimony to the wife. In that regard, provisions for the custody and support of minor children are at all times subject to further modification by the trial court upon appropriate application by either party, and a proper showing of subsequently occurring changed circumstances and conditions justifying it. Gibson v. Gibson, 147 Neb. 991, 26 N. W. 2d 6; Schrader v. Schrader, *supra*.

Bearing in mind the foregoing applicable rules of law, we have examined the record. The relevant evidence discloses that the parties were married approximately nine years. Defendant at the time of trial was an able-bodied young man, with an income of approximately $300 per month as a plumber. Plaintiff was then without any separate income. She was physically

unable to work and was in need of medical care and a surgical operation.

The parties were without any separate estate at the time of the marriage. However, by their joint efforts during the marriage, they had at the time of the trial acquired an automobile worth approximately $305, furniture worth from $500 to $900, and a parcel of improved, partially modern real property, worth approximately $4,000, which they occupied as a home. It was located on the outskirts of North Platte. Some building repair material, already paid for by defendant, and worth approximately $40 to $50, was piled in the yard on that property. The house thereon contained four rooms, three of which were still unplastered, and the floors were badly in need of repair. The real property was encumbered by a mortgage, upon which $1,625.68 was still due and payable at the rate of $20 per month. In addition, defendant claimed that he owed $324 for repairs on the house, which indebtedness, however, was not a lien on the property.

In that situation, the trial court awarded the custody of their minor daughter to plaintiff, giving to defendant the right to visit the child at reasonable times and places. In that connection, however, the decree also provided: "If he desires to take the child with him he must advise the plaintiff about the same and give her reasonable time to prepare the child for said leave." That provision implied that the defendant had the right, whenever he so desired, to take the child from the mother's custody for an indefinite period of time. It clearly invited parental bickering, judicial intervention, and resulting juvenile frustration. Under the circumstances appearing in the record, which we need not recite, we find that plaintiff should have been given the exclusive care, custody, and control of the minor daughter without qualification, except that defendant should be permitted to visit the child at reasonable times and places.

Defendant was ordered to pay plaintiff for the support of said child the sum of $50 per month until the child was 21 years of age or married before that time. We conclude that the order was a proper one, except that it should also have provided that such payments should cease if the death of the child occurred before she became 21.

The decree gave plaintiff the furniture and defendant the automobile, which we find was a proper disposition of those items.

The decree also provided that the real property should remain in the name of both parties, but that plaintiff should have the use and possession of it until the child reached 21 years of age or married before that time. Such order, in lieu of alimony, should have provided that the property tentatively remain in the names of the parties as joint tenants, but that plaintiff should have the right to occupy and possess the same as a home during such time as she lived and had the custody of said child, until the child reached 21 years of age, or until the child's marriage or death occurred before that time, in which event, or in the event that plaintiff, still living and having the custody of said child, should no longer exercise her right to occupy the property as a home during such period, then plaintiff and defendant should own the property as tenants in common.

On the other hand, we find that defendant was properly ordered to pay the mortgage on the property by making the monthly payments to the mortgagee as they accrued until the mortgage was paid in full, and to pay the taxes on the property as they accrued. He was also appropriately ordered to complete essential repairs on the house, after which he was given the balance of the building material thereafter remaining in the yard, but was required to remove such material from and "fix up" the yard.

For the reasons heretofore stated, the judgment of the trial court is affirmed except as modified herein.

All costs, including $150 attorneys' fees allowed for services rendered in this court by plaintiff's attorneys, are taxed to defendant.

AFFIRMED AS MODIFIED.