MARIE MASON, APPELLANT, v. WALTER A. B. MASON, APPELLEE.

59 N. W. 2d 365

Filed June 26, 1953. No. 33329.

*Charles Ledwith,* for appellant.

*Homer L. Kyle,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action for divorce brought by Marie Mason

against Walter A. B. Mason, defendant. After hearing on the merits, the plaintiff was awarded an absolute divorce from the defendant on the grounds of extreme cruelty and nonsupport.

The plaintiff was awarded the custody of the four minor children of the parties, Frank age 15, at the time of trial in the Kearney Boys Training School, Janet age 12, Roger age 11, and Stanley age 8, living with their mother in Seward. The trial court also approved a personal property settlement arrived at between the parties. The trial court also ordered the parties to execute and deliver a deed of conveyance of the real estate occupied by the plaintiff and her children to a named trustee, to be held in trust by the trustee for the use and benefit of the children of the parties as a home during their minority, or until further order of the court. The decree further provided that the plaintiff and defendant each pay approximately one-half the sum reasonably necessary for the support of the children. The defendant was required to pay $75 a month beginning September 15, 1952, and to continue until the youngest child of the parties attained majority, the payments for child support by the defendant, if promptly paid, to be diminished by the amount which the plaintiff receives out of a fund for the support of the children held by the county judge of Seward County, this credit to be lost if the defendant is in default of payment of any of the court costs, including fees to the plaintiff's attorney.

It appears that previous to the bringing of this action the plaintiff sued the defendant for support money. As a result, the defendant's father deposited $1,000 with the county judge of Seward County, and $50 a month was paid to the plaintiff for the support of the children. This amount was not exhausted at the time the decree was rendered. This accounts for that part of the decree with reference to credit to be given the defendant under certain conditions.

The decree did not award alimony to the plaintiff, but required the defendant to pay all court costs, including a fee to the plaintiff's attorney.

The plaintiff filed a motion for new trial which was overruled. Thereafter the plaintiff perfected appeal to this court.

For convenience we will refer to the parties as designated in the district court.

The plaintiff's assignments of error are as follows: (1) The trial court erred in determining that the real estate of the plaintiff should be conveyed to a trustee, rather than determining that said real estate should be the property of the plaintiff absolutely; (2) the trial court erred in finding that the real estate standing in the name of the plaintiff as the owner of the record title was purchased from the joint earnings of both parties; and (3) the trial court erred in finding that the plaintiff was not entitled to alimony.

That the plaintiff was entitled to an absolute divorce and custody of the minor children of the parties is not in dispute in this appeal, nor is the personal property settlement, or the amount awarded as support money for the minor children of the parties in dispute.

It appears from the record that at the time of trial the plaintiff was 34 years of age, and that the parties were married at Tecumseh, Nebraska, on May 11, 1936. Four children were born to this union. Their names and ages are previously set out. The first 2 or 3 years after the marriage the parties lived with the defendant's parents and the defendant helped his father to operate a sale barn. In 1938 or 1939, the parties moved onto a 240-acre farm owned by the defendant's father, under an agreement to operate the farm on a 50 percent basis. This farm was near Gresham, Nebraska. They remained on this farm for a period of about 9 years. It was sold in 1947, and they moved in with the defendant's parents again. During the period in which the farm was operated, the accounting between the defendant's father

and the defendant and plaintiff seems to have been made in accordance with the agreement. During the early years while the parties were residing on the farm, the defendant would leave on business enterprises for a month, or possibly more, going into other states. In 1946, he left the farm and the plaintiff did not know where he was until April 1948. During this time she remained on the farm with the children, carrying out her part of the farming venture, apparently handling the money that belonged to the parties by virtue of the sale of crops and other farm produce. It is also apparent that the plaintiff had nothing from the farming operations prior to 1947, and there was no income prior to that time which could possibly be attributed to the defendant, other than from farming operations. She gave the defendant money on occasions which he used, and banked money for future use. While the defendant was absent from home he made no contributions to the family expenses. It appears that he was quite willing to let the plaintiff and his parents assume this responsibility. At the time of trial he was on parole for issuing an insufficient fund check. It also appears that he had had previous experience in matters of this nature. He was operating a gravel truck in Omaha, averaging about $50 a week. Suffice it is to say that any contribution he made for the support of the family during his absence or in recent years is nil.

In January 1948, the plaintiff obtained employment with the Elgin Watch Company in Lincoln, Nebraska, commuting from her home in Seward to her place of employment by automobile for a couple of years, and later riding with another employee to work. At the time of trial she worked from 7:30 a. m to 4 p. m. each day. Her earnings amount to between $220 and $240 a month. From this amount is deducted $10 to $20 a month for benefits which accrue to the employees. There is also withholding tax of about $25 a year. She claims the children as exemptions. The money she earns, to-

gether with what she gets for child support, is used for household expenses, clothing, and transportation.

In June 1948, the home that she and the children live in was purchased. The defendant was not present at the time, nor does the record show that he had any interest in this transaction. The purchase price was $3,000. A down payment of $1,500 was made. To make the down payment, $1,150 was withdrawn from the bank. This was crop money saved during the farming venture of the parties. In addition there was $350 earnings from plaintiff's wages. A $1,500 mortgage was executed and delivered to Sarah Mason, an aunt of the defendant who is now deceased. This mortgage draws interest at the rate of 3 percent per annum. A payment of this interest was due June 6, 1953. The books in the county treasurer's office disclose taxes due in the amount of $25.36, plus 37¢ interest for 1951, with all prior taxes paid. Apparently at the time of trial there was $1,716.88 due on the mortgage, interest, taxes, and interest on the taxes.

The house contains six rooms, three of which are bedrooms. It is equipped with electricity, but is not modern. There are five acres of land, and it is about one mile from the courthouse in Seward. The plaintiff testified that in the event she was awarded the real estate she intended to stay in it unless she could sell to advantage and obtain a place closer to her employment.

This appeal brings the case here for trial de novo under the provisions of section 25-1925, R. R. S. 1943. See, Eicher v. Eicher, 148 Neb. 173, 26 N. W. 2d 808; Westphalen v. Westphalen, 115 Neb. 217, 212 N. W. 429.

It is well established that in a divorce suit where the court has jurisdiction of the parties, it has power to adjust all of their respective property interests. Colick v. Colick, 148 Neb. 201, 26 N. W. 2d 820; Sims v Sims, 148 Neb. 771, 29 N. W. 2d 378.

Upon the granting of an absolute divorce, the trial court may assign the property, both real and personal,

acquired during the marriage by the joint efforts of the parties, between them as the demands of justice and equity may require. Johnsen v. Johnsen, 144 Neb. 208, 12 N. W. 2d 837. See, also, Bigelow v. Bigelow, 131 Neb. 201, 267 N. W. 409; Metschke v. Metschke, 146 Neb. 461, 20 N. W. 2d 238; Schrader v. Schrader, 148 Neb. 162, 26 N. W. 2d 617; Sims v. Sims, *supra;* § 42-321, R. R. S. 1943.

With the foregoing authorities in mind, and in the light of the record, we conclude that the decree of the district court, insofar as the property rights to the real estate are concerned, should be modified so that the plaintiff would be assigned and awarded the real estate heretofore described in the opinion which is in her name as record title holder, to be hers absolutely and entirely; that the plaintiff take the real estate subject to the mortgage in the amount of $1,500 executed and delivered to Sarah Mason; and that plaintiff be charged with the payment of the mortgage and the payment of interest due, or to become due thereon, and the taxes assessed or to be assessed against this real estate, and to make such repairs or upkeep as may be necessary to maintain the same. In all other respects the decree of the district court is affirmed.

For the reasons given in this opinion, the decree of the district court is affirmed in all respects except as directed to be modified as provided for in this opinion.

AFFIRMED AS MODIFIED.