EUNICE SAFAR, APPELLEE, V. ALBIN SAFAR, APPELLANT.

113 N. W. 2d 206

Filed February 9, 1962. No. 35068.

*Frost, Meyers & Farnham* and *G. Merrill Kartman,* for appellant.

*Margaret Fischer* and *Robert H. Petersen,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action where Eunice Safar, plaintiff and appellee, instituted in the district court for Douglas County, Nebraska, an action for divorce against Albin Safar, defendant and appellant. A decree of divorce

was duly granted. In the decree the rights of the parties with regard to division of property in lieu of alimony for the plaintiff were adjudicated, as well as the obligation of the defendant to support and maintain a minor daughter of the parties. From an order overruling a motion for new trial which was filed and the judgment the defendant has appealed.

On the appeal the defendant does not challenge that part of the decree granting the divorce or the portion relating to the minor daughter. The only challenge is to the propriety of the division of property. There was no award of alimony as such. Instead there was decreed a division of property. The single complaint is that the decreed division was unfair. The single assignment of error is: "The Trial Court erred by computing the total assets subject to division, not only on the basis of real and personal property owned by the parties at the time of the hearing, but also on the basis of past income earned and spent by the parties prior to the decree."

There is no substantial dispute as to the amount of value of the personal and real property owned by the parties or of existing unpaid obligations at the time the judgment was rendered by the district court, or of the amount of income earned or received over the period in question.

The defendant contends that the theory of the court was to make a substantially equal division of property between the parties, but that in so doing values of non-existing properties or money were used which rendered the division unequal and unfair to the defendant. He does not contend that equal division was improper but that existing property alone should be considered in making the division.

He asserts however that for the purposes of equal division the court added to the value of the existing property the earned and rental income received by plaintiff and by the defendant for the 2 years prior to

the trial, none of which was shown to be in being.

It is clear that the purpose of the trial court was to effect an equal division of property between the parties. This is declared by an opinion of the court which was delivered before the judgment was rendered, as is apparent from a recital therein. It, however, was not made a matter of record until after rendition of the judgment.

There can be no doubt that the court did add earnings of the defendant in the amount of $11,000, earnings of the plaintiff in the amount of $5,824, rental income received by plaintiff in the amount of $1,100, and rental income received by the defendant in the amount of $2,200. There is no evidence the effect of which was to say that there was an existence of these amounts separate from other property which was assigned a value for the purpose of a property division.

With these items eliminated and a division based on the valuations fixed by the court, which valuations are not contested, the plaintiff would receive, instead of equal division, property of the value of $14,100, whereas the defendant would receive property of the value of $8,775.

The question arises of course as to whether or not the items of earnings should be eliminated in arriving at a division of the property of the parties in an action for divorce.

In an action for divorce the court has power to adjust the respective property interests, and to assign both real and personal property. See Mason v. Mason, 157 Neb. 279, 59 N. W. 2d 365. It may not however assign property interests which are nonexistent.

The plaintiff substantially contends that although the trial court by its opinion declared the basis for a judgment and rendered judgment which by computation conformed to the opinion, it did not necessarily base its judgment thereon, but that the judgment must be treated as one which was right, proper, and equitable

in the light of the whole record without reference to the opinion.

In legal and equitable contemplation the theory of this approach is sustained by the decisions of this court. There is no fixed standard, but all facts and circumstances surrounding each particular case are to be considered and adjudication made accordingly. The guiding principles as they have many times been stated have been set forth as follows in Waldbaum v. Waldbaum, 171 Neb. 625, 107 N. W. 2d 407: "In determining the question of alimony or division of property as between the parties the court will consider the respective ages of the parties to the marriage; their earning ability; the duration of the marriage; the conduct of each party during the marriage; their station in life, including the social standing, comforts, and luxuries of life which the wife would probably have enjoyed; the circumstances and necessities of each; their health and physical condition; and their financial circumstances as shown by the property they owned at the time of divorce, its value at that time, its income-producing capacity, if any, whether accumulated or acquired before or after the marriage, the manner in which it was acquired, and the contributions each has made thereto. From these elements and all other relevant facts and circumstances, the court will determine the rights of the parties and make an award that is equitable and just."

It is pointed out here that in the determination of what shall be awarded as alimony or division of property the court may assign both real and personal property as the ends of justice may require. See, Metschke v. Metschke, 146 Neb. 461, 20 N. W. 2d 238; Mason v. Mason, *supra;* § 42-321, R. R. S. 1943.

The grounds for divorce pleaded by the plaintiff may well be said to have been supported by a bare sufficiency of evidence. As related to the question of division of property the record discloses that the parties were married in 1934; that three daughters were born of the

marriage and that they are of such ages and in such situations that the question of child support is not involved in this case; that the parties were divorced in 1951; that they were remarried in 1954; that in February 1959, this action for divorce was instituted; and that the decree herein was rendered in February 1961. After the separation both parties were gainfully employed and over that period, it reasonably appears, had sufficient individual incomes to be regarded as self-supporting. It further appears that each will be self-supporting in the future. Over the years certain property was accumulated including two separately described pieces of improved real estate in the city of Omaha, Nebraska. The contributions made by each do not definitely appear, but in the light of the evidence the inference is unavoidable that the accumulations flowed from the joint efforts of the parties.

In the light of the record there is nothing to indicate, under the legal and equitable principles to which reference is made herein, that there should be a division of property the effect of which would be to award to plaintiff an amount or value of property in excess of that awarded to the defendant.

This conclusion requires therefore that this court make an accounting and direct a division which will substantially accomplish an equal division.

From the computations made by the court and which are not disputed, after eliminating from consideration income from salaries and wages and rental income not shown at the time of trial to be in existence or in being, the value of property and money awarded to plaintiff was $14,100 and to the defendant $8,775. Real estate included in this, which was described as 1905 Park Avenue, of the value of $11,500 was awarded to plaintiff. Real estate of the value of $6,000, described as 1901 Park Avenue, was included in the award to the defendant. The difference in total values favorable to the plaintiff was $5,325. To equalize the division would

require a reduction of the amount of the award to plaintiff of $2,662.50 and an increase in a like amount of the award to the defendant.

This is subject however to a small mortgage indebtedness in the neighborhood of $400 against the two pieces of real estate and also some unpaid real estate taxes, the amount of which is uncertain but which amounted to $790.22 on December 19, 1960. The total of these obligations should be divided equally between the parties.

Equalization requires that a reduction from the amount awarded to the plaintiff must be made. To accomplish this it appears that it may be done most readily by adjustment in the award of real estate and its burdens.

It is observable that the plaintiff was awarded real estate of the value of $11,500 and the defendant real estate of the value of $6,000. Where title now resides has not been disclosed. Likewise the name or names of the mortgagors have not been authentically disclosed. There is parol testimony of an indefinite character relating to this matter but none upon which reliance may be placed. This indicates that the case requires ascertainment of information necessary to accomplish proper and effective division.

It appears therefore that that portion of the decree of the district court awarding to the plaintiff furniture in the amount of $1,500 and her savings in the amount of $1,100 should be sustained. It appears that the award to the defendant of his savings in the amount of $2,775 should be sustained. It appears that the award to the defendant of the named real estate of the value of $6,000 should be sustained. It appears also that the award to plaintiff of the named real estate of the value of $11,500 should be sustained subject to an obligation to pay to the defendant $2,662.50 reduced by one-half of the amount due on the mortgage and one-half of the

amount of the taxes due and delinquent on all of the real estate. .

The defendant should by the decree of the court be granted a lien upon the real estate awarded to the plaintiff for the amount due him from the plaintiff, and for any amounts which he may be required to expend, if any, to protect his interests on account of unpaid taxes or on account of the mortgage on the real estate.

That part of the decree of the district court granting a divorce to the plaintiff is affirmed. Otherwise it is reversed and remanded with directions to proceed as indicated and to render judgment accordingly.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.

SIMMONS, C. J., participating on briefs.