CATHRINE FOTINOS, APPELLANT AND CROSS-APPELLEE, V. GEORGE FOTINOS, APPELLEE AND CROSS-APPELLANT.

168 N. W. 2d 698

Filed June 13, 1969. No. 37060.

· Cunningham & Blackburn and Wagoner & Grimminger, for appellant.

Kelly & Kelly, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and NEWTON, JJ., and HASTINGS, District Judge.

HASTINGS, District Judge.

Plaintiff began an action for divorce on June 26, 1967, on the grounds of cruelty. Defendant denied such conduct and by cross-petition sought to be divorced from plaintiff on the grounds of misconduct and cruelty on her part. The court granted plaintiff's petition; awarded plaintiff her clothing, jewelry, and other items of personal property, alimony in the sum of $3,500 and an attorney's fee of $250. Defendant was awarded the

remaining property of the parties consisting of certain items of furniture, and title was quieted in defendant to a house in Grand Island worth approximately $13,000, and a farm worth from $39,000 to $48,000 subject to a mortgage of $18,000. The court then granted plaintiff's motion for a new trial, and on May 6, 1968, again granted plaintiff a divorce and made a similar award of property, except that plaintiff was also given a sewing machine, permanent alimony was increased to $3,750, and she was awarded an additional attorney's fee totaling $300. Plaintiff has appealed alleging that the trial court erred in the amount of the award of permanent alimony, in quieting title to the real estate in the defendant, and in the amount of attorney's fees. Defendant also cross-appealed assigning as error the excessiveness of the award of alimony.

Plaintiff and defendant were married on September 6, 1966. The plaintiff was a Greek citizen and at the time of the first trial was 56 years of age. She read or spoke no English. This was plaintiff's third marriage, her first marriage having ended with the death of her husband, and her second marriage by divorce. She has two grown children by her first marriage. Defendant was 72 years of age at the time of the new trial, of Greek descent, who could speak but not read or write English. This was his second marriage, his first marriage having terminated after 35 years with the death of his wife. He has five adult children.

The marriage between the two parties resulted after a visit by the plaintiff to certain friends of Greek extraction living in Omaha. It could possibly be classified as a marriage of convenience. There was evidence that defendant had agreed to move from the farm where the parties first resided to a house in Grand Island. This was accomplished by the purchase of the house which was placed in the plaintiff's name alone. There was some indication that this arrangement was in fulfillment of a promise made to the plaintiff to provide for

her future, although the defendant claims it was done simply at her insistence.

Shortly after the marriage, disagreements arose between the parties having to do with defendant's refusal to attend church, some of his personal habits, and over money matters. Although defendant's conduct could not be classified as aggravated, nevertheless there was sufficient evidence to justify the trial court in awarding the divorce.

In addition to the property previously mentioned, defendant owned a Buick automobile and various pieces of farm equipment. Additionally, defendant also received Social Security, and had net income for the years 1962 to 1967 ranging from approximately $500 to $3,500. Plaintiff received some income from an apartment house in Athens, Greece, but the question of ownership of this property was not raised by the pleadings nor decided by the decree.

It is plaintiff's contention that by placing the house in the name of the plaintiff, defendant had created an irrevocable gift, and that the trial court was without authority to disturb this estate. Plaintiff cites several cases relating to the presumption created by such a transaction. However, none of those cases involved divorce.

The correct rule in Nebraska is expressed in Bartunek v. Bartunek, 109 Neb. 437, 191 N. W. 671. In that case this court said: "Under the authority of Myers v. Myers, 88 Neb. 656, and Bristol v. Bristol, 107 Neb. 321, the district court has power to consider all the property accumulated by the joint efforts of both husband and wife, and to adjust their respective property rights. By the voluntary conveyance of the home farm to the wife without consideration except love and affection, she has become vested with the legal title to the major portion of the joint accumulation; but the court will look behind this and decree according to the equities of the situation."

In the instant case property was not accumulated by

the joint efforts of the parties, but rather all of the consideration was furnished by the defendant.

The general rule relating to guidelines to be used by the trial court in awarding alimony is set forth in Safar v. Safar, 173 Neb. 292, 113 N. W. 2d 206, wherein this court said as follows: "In determining the question of alimony or division of property as between the parties the court will consider the respective ages of the parties to the marriage; their earning ability; the duration of the marriage; the conduct of each party during the marriage; their station in life, including the social standing, comforts, and luxuries of life which the wife would probably have enjoyed; the circumstances and necessities of each; their health and physical condition; and their financial circumstances as shown by the property they owned at the time of divorce, its value at that time, its income-producing capacity, if any, whether accumulated or acquired before or after the marriage, the manner in which it was acquired, and the contributions each has made thereto. From these elements and all other relevant facts and circumstances, the court will determine the rights of the parties and make an award that is equitable and just."

Considering that this marriage lasted but approximately 9 months, and all of the other circumstances previously related, it is our opinion that the trial court's action in the award of alimony and the division of property was correct.

Likewise the amount of attorney's fee is largely within the discretion of the trial court. In Strasser v Strasser, 153 Neb. 288, 44 N. W. 2d 508, this court set forth the following rule: "A reasonable attorney fee in any proceeding is to be determined by the nature of the case, the amount involved in the controversy, the results obtained, and the services actually performed therein, including the length of time necessarily spent in the case, the care and diligence exhibited, and the character and standing of the attorneys concerned." It does not appear

that the trial court abused its discretion in this regard.

For the reasons set forth above, the judgment of the trial court is affirmed. Plaintiff is awarded the sum of $350 for services of her attorney in this appeal.

AFFIRMED.