DOROTHY M. SNYDER, APPELLEE, v. JESS SNYDER, APPELLANT.

243 N. W. 2d 159

Filed June 23, 1976. No. 40323.

Yost, Schafersman, Yost & Lamme, for appellant.

Roy I. Anderson, for appellee.

Heard before SPENCER, BOSLAUGH, and CLINTON, JJ., and FAHRNBRUCH and GRANT, District Judges.

GRANT, District Judge.

This is an action for dissolution of marriage. The District Court found the marriage to be irretrievably broken, dissolved the marriage, and divided the real

and personal property of the parties. The respondent-husband has appealed. The sole issue on appeal is the division of property.

Dorothy and Jess Snyder were married in Nebraska in 1938 and have resided in Nebraska since. The two children born of the marriage are adults and self-supporting.. After their marriage, the parties moved to a home owned by respondent. The husband had purchased this property for $3,000, with funds accumulated before the marriage and petitioner contributed her earnings before the marriage toward the purchase of furnishings for the two-bedroom home. Petitioner-wife taught school between 1945 and 1947, and during other years up to 1951, worked with respondent on their acreage and in other endeavors in buying, repairing, renting, and ultimately selling older houses. The parties pooled their money and labor in these endeavors.

In about 1951, the parties moved to a home in Fremont and petitioner testified she began to care for small children in the marital home, getting a license for a day care center in 1955. Her work in this area has continued to the present time. The parties' income tax returns show that no returnable income from the nursery school operation was generated until 1959, when it is shown that $586 gross income came from that source. Between 1961 and 1969 (omitting 1968, for which year no return was submitted in evidence), the joint income tax returns disclose total net income from the nursery school operation to be approximately $4,979. During the same period, from the same records, respondent's taxable wages totalled $14,138. Additionally, the parties had income from interest, dividends, rentals, and sales of property.

From 1970 through 1974, the parties filed separate income tax returns. During that 5-year period, petitioner's return showed a total net income for the nursery school operation of $10,647, of which $7,161 was earned in 1974. During the same period, respondent's

wages are shown to be $10,909. Each reported other income from interest, dividends, and rentals, but this additional income came from property accumulated from their joint endeavors during the marriage.

The financial history of the parties during this 37-year marriage discloses that the parties accumulated property of a value of $180,185 by each working throughout the marriage and each contributing his separate earnings to a whole. At the time of their marriage, respondent contributed a $3,000 house and petitioner contributed money, in an unknown amount, to fully furnish the house. Petitioner inherited nothing during the marriage. Respondent inherited a one-half interest in a Merrick County farm from his mother in 1944 and this was sold in 1945 for $4,000. The evidence further shows the petitioner was age 62 and in good health at the time of trial, and that she is qualified to maintain herself as shown by the fact that in 1974 she netted over $7,000 from the operation of the nursery school. Respondent is also aged 62, and suffers from a heart condition.

Of the total property accumulated of $180,185, the trial court awarded assets of some $134,403 in value to petitioner, and awarded assets of $45,782 to respondent.

This proceeding is tried de novo in this court on the issues presented on appeal. Barnes v. Barnes, 192 Neb. 295, 220 N. W. 2d 22. As stated in Hanisch v. Hanisch, 195 Neb. 204, 237 N. W. 2d 407: "The rules for determining alimony or division of property in an action for dissolution of marriage provides no mathematical formula by which such awards can be precisely determined. They are to be determined by the facts in each case and the courts will consider all pertinent facts in reaching an award that is just and equitable."

There is no reason apparent to this court as to the disparity in the amount of property awarded to each of the parties except the contention of petitioner set forth in her brief that "a contract made between a husband

and wife in dissolution of marriage for division of property will be respected by the court as presumably fair, valid, just and equitable." Petitioner's position is that the parties themselves decided on a property division some 4 years before the proceeding in question and that such agreement should be enforced by the court. In this connection, the record shows that in 1971, petitioner sued respondent for divorce. The parties then reconciled, and, after the reconciliation, "divided" certain property they owned. Petitioner, for example took sole title to the family residence, where she maintained her day care center, valued at $32,000; while respondent took sole title to a commercial building in Fremont worth $8,000 and to a one-half interest in land in Washington County worth $6,000. Each party also had other investments in his or her own name, and owned certain stocks and bonds in joint tenancy.

In support of her position that this agreement between the parties at the time of their reconciliation should be controlling in this dissolution of marriage proceeding 4 years later, petitioner cites Clatterbaugh v. Clatterbaugh, 182 Neb. 160, 153 N. W. 2d 749, decided in 1967 before the present dissolution of marriage law became effective. That case held that a contract between husband and wife for division of their property after and in consequence of their permanent separation will be respected by the courts as presumably fair. Similarly, section 42-366, R. R. S. 1943, of the current dissolution of marriage law, is concerned with written property settlements by persons "attendant upon their separation or the dissolution of their marriage." The agreement in this case, whatever it may precisely have been, was "attendant" upon a reconciliation of the parties. To give binding effect to such an agreement during a dissolution proceeding 4 years later would operate to discourage reconciliation attempts. Agreements between husband and wife concerning the disposition of their property, not made in connection with the separation of

the parties or the dissolution of their marriage, are not binding upon the courts during a later dissolution proceeding, as not being within the intendment of section 42-366, R. R. S. 1943.

Once it has been determined that there is no property settlement agreement between the parties binding on the court, the court, in determining an appropriate division of property between husband and wife, has power to consider all the property accumulated by the joint efforts of both parties and to adjust their respective property rights. In Tavlin v. Tavlin, 194 Neb. 98, 230 N. W. 2d 108, this court made the rule set out in Bartunek v. Bartunek, 109 Neb. 437, 191 N. W. 671, applicable to the current no fault divorce law. The Bartunek case states: "* * * the district court has power to consider all the property accumulated by the joint efforts of both husband and wife, and to adjust their respective property rights. By the voluntary conveyance of the home farm to the wife without consideration except love and affection, she has become vested with the legal title to the major portion of the joint accumulation; but the court will look behind this and decree according to the equities of the situation." Examination of the record in this case indicates no accumulation of particular assets by the sole efforts of either party, but rather a joint effort over 37 years, with various ups and downs, and various good and bad investments, resulting in a total net accumulation, all of which must be considered in dividing the marital assets no matter how the property is titled at the time of the dissolution.

Accordingly, we find that the decree dividing the property of the parties should be amended to award the following property to respondent rather than petitioner: (1) Nebraska State Savings & Loan, No. A 38091 ($1,000). (2) United States savings bonds, L78029520E, M76202713E, L47064737E ($1,100). (3) Investors Stock Fund of 173.8 shares ($2,676.52). (4) Note and mortgage of Roger Meirhenry ($6,185.12). (5) In-

vestors Stock Funds, Inc., 1,055 shares ($16,247). (6) Note and mortgage from Fred Snyder ($3,500). (7) Note and mortgage from Richard Snyder ($10,000).

The judgment of the District Court, as so modified, is affirmed.

AFFIRMED AS MODIFIED.